**Donald TURNER, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al., Defendants–Appellees.**

No. 01–3071.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Donald Turner, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action construed as being filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Turner sued multiple prison authorities contending that his due process rights were violated as a result of five disciplinary proceedings. Upon de novo review of

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the magistrate judge's report, the district court dismissed the case for failure to state a claim under 28 U.S.C. § 1915A.

In his timely appeal, Turner argues that the district court's decision is contrary to *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Jones v. Baker,* 155 F.3d 810 (6th Cir.1998); that *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), does not bar his cause of action; and that his claims found in his amended complaint are not barred by the applicable two-year statute of limitations.

The district court's judgment is reviewed de novo. *See McGore v.. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Turner states that in 1997, while in the Noble Correctional Institution, he was charged with assault on a prison guard and with disrespect. He was found guilty and was placed in disciplinary confinement and assigned to local control. On appeal, the decisions were reversed and the assault conviction was remanded for a new hearing. The disciplinary board subsequently conducted a new hearing as to the assault charge and again found Turner guilty of assault.

The second event involved a conduct report while Turner was incarcerated at the Southeastern Correctional Institution. Turner states that on February 9, 1999, he was charged with menacing by stalking and misuse of property. He was found guilty of both charges. Turner was placed in disciplinary confinement and assigned to local control. The menacing charge was subsequently reversed on appeal.

The third incident occurred on April 2, 1999, wherein Turner was charged with attempted rape of another inmate. Turner was found guilty of the charge and was placed in disciplinary confinement for fifteen days. Turner states that the three decisions are invalid for various reasons.

In *Sandin,* the Supreme Court abandoned its prior approach in determining whether state procedures created a protected liberty interest and held:

> Following *Wolff,* we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin,* 515 U.S. at 483–84, 115 S.Ct. 2293. (citations omitted).

Since Turner does not allege that he was denied good time credits, the due process afforded by *Wolff* is not applicable. *See Wolff,* 418 U.S. at 563–69, 94 S.Ct. 2963. Rather, as Turner was simply placed in administrative segregation, the punishment did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 115 S.Ct. 2293. Therefore, the district court did not err in dismissing Turner's complaint pursuant to *Sandin.*

Turner contends that the claims found in his amended complaint should not have been dismissed as being barred by the applicable statute of limitations. The district court dismissed the claims in the amended complaint not only because they were beyond the applicable two-year statute of limitations, but also because they were barred by *Sandin.* As the claims are barred by *Sandin,* an analysis as to whether the claims are barred by the applicable statute of limitations is unnecessary.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.